**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

CLEVELAND COUNTY HEALTHCARE SYSTEM d/b/a CLEVELAND REGIONAL MEDICAL CENTER, )
)
Plaintiff, ) No.:
)
V. )
)
RICHARD SELBY, )
)
Defendant. )

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Cleveland County Health Care System, d/b/a Cleveland Regional Medical Center, by and through counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure, sues Defendant Richard Selby seeking a temporary restraining order and permanent injunction as set forth below:

## PARTIES AND JURISDICTION

1. Plaintiff is a North Carolina Corporation with its principal place of business in Cleveland County, North Carolina.

2. Defendant is a citizen and resident of Scott County, Tennessee. Defendant may be served with process at 169 Moffett Lane, Pioneer, Tennessee, 37847.

3. The Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1320d *et seq.*

## MATERIAL ALLEGATIONS

4. The Plaintiff would adopt and re-state the allegations contained in paragraphs 1-3 as if fully set forth herein.

5. On or about February 25, 2005, Defendant's estranged wife, Tammy Selby, terminated her employment with Cleveland Regional Medical Center as a medical

records coder. By virtue of her employment in that position, Ms. Selby had direct access to medical records containing Protected Health Information (hereinafter "PHI") as that term is defined by the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"), 42 U.S.C. §§ 1320d *et seq*. and the regulations promulgated thereunder.

6. Subsequently, on or about July 18, 2007, Defendant contacted Plaintiff's Director of Compliance Programs, Gail Z. McKillop, and informed her that he had in his possession medical records belonging to Cleveland Regional Medical Center that had been removed from the facility by his estranged wife. These documents contain the PHI of individuals who have been patients at Cleveland Regional Medical Center.

7. Ms. McKillop requested that the Defendant return these documents to the Plaintiff, and initially the Defendant agreed to return them. However, when Ms. McKillop sent a courier to Scott County to retrieve the documents, Defendant insisted on meeting the courier at a bank in Huntsville so that he could make copies of the documents at issue before returning them.

8. Defendant contacted Ms. McKillop by telephone after the courier had picked up the documents from him and at that time Defendant informed Ms. McKillop that he had made copies of the documents before turning them over to the courier. When Ms. McKillop told Defendant that it was unacceptable for him to retain copies of this information and that he must return all such copies immediately, Defendant then denied that he had made copies of Plaintiff's records, but claimed to have made copies only of records from other facilities (among the documents returned by the Defendant to Plaintiff was a surgical record containing PHI from another hospital in Knoxville, Tennessee). Subsequent to this telephone conversation with the Defendant, the courier who had picked up the records confirmed to Ms. McKillop that the Defendant had indicated to the courier that he had made copies of all the records before returning them.

9. Plaintiff has been injured by the actions of Defendant in that Plaintiff is required by HIPAA to maintain the confidentiality of PHI and to mitigate any inadvertent disclosures of PHI.

10. Plaintiff and Plaintiff's patients whose PHI is contained in the documents at issue will suffer immediate and irreparable harm for which no adequate remedy at law exists if the documents and all copies of the documents are not returned immediately to Plaintiff.

11. Plaintiff and Plaintiff's patients whose PHI is contained in the documents will suffer immediate and irreparable injury unless Defendant is immediately restrained from using the information contained in the document and from making copies of the documents and/or disseminating the information contained therein

12. There is a substantial likelihood that Plaintiff will prevail on the merits of this matter, since the Defendant's possession of the documents at issue is in violation of both federal and state laws. Defendant's possession of the PHI contained in these documents is not only a civil violation but a criminal violation of HIPAA, punishable as set forth in 42 USC § 1320d-6.

13. The threatened injury to Plaintiff and its patients whose records are unlawfully in the Defendant's possession outweighs any possible damage to the Defendant.

14. The public interest will only be served by the issuance of an injunction. Without the injunction, the Defendant will continue to unlawfully possess the documents containing PHI of Plaintiff's patients.

15. Injunctive relief is therefore appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests and prays that:

1. Process issue and be served upon the Defendant and that he be required to file a response within the time period prescribed by law.

2. A temporary restraining order issue enjoining and restraining the Defendant from copying, making notes, or otherwise taking PHI from the documents at issue; prohibiting the Defendant from sharing or disseminating the documents at issue or any PHI contained therein with any other individual or entity; prohibiting Defendant from using the PHI contained in the documents at issue for any purpose prohibited by HIPAA; and requiring Defendant to surrender immediately to the U.S. Marshal all documents and copies thereof in his possession, custody or control that contain the PHI of Plaintiff's patients or the patients of any other health care facility.

3. Defendant be cited to appear and show cause, and that a preliminary injunction issue enjoining Defendant from copying, making notes, or otherwise taking PHI from the documents at issue; prohibiting the Defendant from sharing or disseminating the documents at issue or any PHI contained therein with any other individual or entity; enjoining Defendant from using the PHI contained in the documents at issue for any purpose prohibited by HIPAA.

4. A permanent injunction be ordered on final trial of this case enjoining Defendant from copying, making notes, or otherwise taking PHI from the documents at issue; prohibiting the Defendant from sharing or disseminating the documents at issue or any PHI contained therein with any other individual or entity; enjoining Defendant from using the PHI contained in the documents at issue for any purpose prohibited by HIPAA.

5. The Court advance and consolidate the trial of the action on the merits with the hearing of the Application for Temporary Injunction pursuant to Rule 65(a)(2), thereby converting the Temporary Injunction to a Permanent Injunction.

6. Plaintiff be awarded all other and further relief that the Court deems appropriate.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY PROCESS AND RELIEF IN THIS ACTION.** No other judge has refused the relief sought.

Respectfully submitted this 30th day of July, 2007.

Summer Stevens

Summer H. Stevens (BPR #020296)

LEWIS, KING, KRIEG & WALDROP, P.C.
620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37901
(865) 546-4646

*Attorney for Plaintiff*

## VERIFICATION

STATE OF NORTH CAROLINA )
)
COUNTY OF CLEVELAND )

Gail Z. McKillop, being duly sworn on her oath, states that she is Director of Compliance Programs for Cleveland County HealthCare System, has authority from Cleveland County HealthCare System to sign and verify the Verified Complaint, has read the foregoing Verified Complaint and that the statements contained therein are true and accurate based upon her personal knowledge.

Gail McKillop
GAIL McKILLOP
DIRECTOR OF COMPLIANCE PROGRAMS

SWORN TO AND SUBSCRIBED before me
This 27 day of July, 2007.

Tracy W. Creswell
Notary Public

My commission expires: 3/9/08